Willard D. EPLING, Plaintiff,

v.

UCB FILMS, INC., f/k/a UCB Cello, Inc., Defendant.

Paula K. Hladky, Plaintiff,

v.

UCB Films, Inc., f/k/a UCB Cello, Inc., Defendant.

Paula K. Hladky, Plaintiff,

v.

U.C.B., Inc., et al., Defendants.

Willard D. Epling, Plaintiff,

v.

U.C.B., Inc., et al., Defendants.

Nos. 98–4226–RDR, 00–4186–RDR, 98–4227–RDR, 00–4062–RDR.

United States District Court, D. Kansas.

Dec. 14, 2001.

William G. Haynes, Clinton E. Patty, Frieden, Haynes & Forbes, Topeka, KS, Christina Collins, Topeka, KS, for plaintiff.

Michaela M. Warden, Toni H. Blackwood, Kimberly A. Jones, Blackwell Sanders Peper Martin LLP, Kansas City, MO, Peter G. Golden, Kurtis A. Powell, Hunton & Williams Atlanta, GA, for defendant.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Pending before the Court are the following motions: (1) Defendants' Motion for Protective Order (Case No. 00–4062–RDR, doc. 51); and (2) Plaintiffs' Motion to Take Telephonic Deposition of Joe Wilbanks (Case No. 98–4226–RDR, doc. 256).

## I. Defendants' Motion for Protective Order

Defendants' counsel has informed the Court that most of the issues raised in the Motion for Protective Order are now moot. The only issue that remains for the Court's resolution pertains to the deposition of Joe Gaynor. Plaintiffs have issued a notice of deposition duces tecum for Joe Gaynor, who is in-house counsel for Defendant UCB, Inc ("UCB"). Plaintiffs seek to depose Mr. Gay-

nor about his involvement in certain conferences regarding employment at Defendant UCB Films, Inc. ("UCB Films"), a subsidiary of UCB, and to inquire as to the relationship between UCB Films and UCB. Defendants ask the Court to enter a protective order to prevent the deposition of Mr. Gaynor from going forward. They assert that the knowledge Mr. Gaynor possesses regarding this litigation was obtained in his role as an attorney providing legal advice to Defendants in anticipation of, and in connection with, these consolidated lawsuits.

## A. The Law Regarding Attorney Depositions

 Special rules apply to the depositions of a party's counsel. In *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625 (D.Kan. 2000), this Court set forth the standard for determining when the deposition of a party's attorney should be allowed. The Court first summarized the general rules regarding such depositions:

> An attorney, even an attorney for a party to the suit, is subject to being deposed. Courts do not favor thwarting a deposition. Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition. A request to take the deposition of an attorney for a party may, however, constitute an extraordinary circumstance justifying departure from the normal rule. While the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters.

*Id.* at 630 (citations and quotations omitted).

 The Court then held that depositions of "opposing counsel" should be limited to those circumstances where the party seeking to take the deposition has shown the following:

> (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Id.* (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir.1986)). The burden is on the party seeking the attorney's deposition to establish that each of these three criteria is met. *Id.*

## B. Application of the Law to This Case

### 1. Is Mr. Gaynor "opposing counsel" for purposes of applying Simmons?

 Before the Court may proceed to determine whether the *Simmons* criteria have been met here, the Court must determine, as a threshold matter, that Mr. Gaynor is in fact "opposing counsel." Plaintiffs contend that Mr. Gaynor is not "opposing counsel" because he is merely UCB's in-house counsel and he is not counsel of record in this case. They also contend he is not "opposing counsel" because he allegedly has acted in an administrative role rather than as a legal advisor to Defendants. Plaintiffs assert that "[t]estimony from a prior deposition indicates that Mr. Gaynor was involved in the conferences" that concerned "employment of employees at UCB Films, specifically Paula Hladky." Doc. 58 at 4. Plaintiffs further assert that "Mr. Gaynor had input into the hiring or declination to employ Paula Hladky" and that he participated in conferences "which bear a direct influence upon the disposition of applications with UCB Films." *Id.* (citing Michael Machell depo. at pp. 1, 96). They claim that these conferences were "administrative in nature." *Id.*

Defendants, on the other hand, argue that Mr. Gaynor should be deemed "opposing counsel." Although he is not counsel of record, he is, according to Defendants, "in charge of managing this litigation." Doc. 63 at 9. Defendants deny that Mr. Gaynor had any part in the decision not to hire Ms. Hladky or that he has played an administrative role in making employment decisions. They assert that it was not until Ms. Hladky filed her initial failure-to-hire discrimination charge that he became involved in any events related to this litigation.

The Court holds that Mr. Gaynor should be treated as "opposing counsel" for purposes of applying the *Simmons* rule. This is

true for two reasons. First, the fact that he is not counsel of record is not determinative. The Court declines to adopt a per se rule that in-house counsel who are not of record in the lawsuit are not "opposing counsel" for purposes of applying the *Simmons* rule. Instead, the ·Court will examine the circumstances surrounding the in-house counsel's involvement in the litigation and the underlying events giving rise to the litigation. This is consistent with our decision in *Rahn v. Junction City Foundry, Inc.*, No. 00–2128–KHV, 2000 WL 1679419 (D.Kan. Nov.3, 2000), in which an in-house attorney was deemed to be "opposing counsel" for purposes of applying the *Simmons* criteria despite that fact that he was not of record in the lawsuit. There, the in-house attorney was retained by the defendant employer to advise it regarding the plaintiff's internal sexual harassment allegations and to participate in the defendant's investigation of her complaints. Later, when the plaintiff filed suit, she sought to depose the in-house counsel. The Court applied *Simmons*, deeming the in-house attorney to be "opposing counsel" based on his involvement as a legal advisor to the employer. *Id.* at *2. The fact that the in-house attorney was not counsel of record in the lawsuit was not determinative.

Similarly, in *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir.1995), the Tenth Circuit held that

> the lower court correctly treated in-house counsel as "opposing counsel" for purposes of determining whether his deposition could be taken. The plaintiffs in *Boughton* argued that the defendant's in-house counsel should not be deemed "opposing counsel," asserting that he had acted as a spokesperson for the defendant and had given business advice rather than legal advice. The Tenth Circuit held that the lower court properly rejected the plaintiffs' argument and affirmed the district court's holding that the attorney was "opposing counsel" based on the lower court's finding that he operated solely as an attorney and

made no operating decisions. *Id.* at 828–29. Again, the fact that the attorney was not counsel of record in the lawsuit was of no import.[1]

Secondly, the Court does not find that Mr. Gaynor has acted in an administrative role here. Plaintiffs' assertion that Mr. Gaynor played an administrative role in the decision not to employ Ms. Hladky or that he participated in "administrative" conferences regarding the hiring of employees is unsupported. At best, the deposition testimony cited by Plaintiff indicates that a UCB Films managerial employee, Michael Machell, had a discussion with two management employees in Atlanta and probably Mr. Gaynor some time prior to Ms. Hladky being notified that she would not be hired. Machell depo., pp. 95–96. Mr. Machell testified that the discussion was "[a]bout the fact that [Plaintiffs] were being followed by the TV cameras and that the television station was making a story on them" regarding how they lost their positions when the plant shut down and how they applied for positions with UCB Films when it reopened the plant. *Id.* Mr. Machell further testified that "after talking to management in Atlanta, I had been informed that it might make sense for us to take another look at Paula Hladky's application" due ·to public relations concerns. *Id.,* p. 99. This testimony does not indicate that it was Mr. Gaynor who made the decision to reconsider Ms. Hladky's application or that he was even the one who informed Mr. Machell that her application should be reconsidered. It certainly does not support Plaintiffs' claim that Mr. Gaynor had "administrative" input into UCB Films' decision not to hire Ms. Hladky or any other applicants at the facility in question.

Based on the information before it, the Court can only conclude that Mr. Gaynor has acted as a legal advisor to Defendants in connection with this litigation and that he is responsible for managing the lawsuits. The Court· therefore holds that Mr. Gaynor

---

1. Likewise, in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986), the Eighth Circuit treated an in-house counsel as "opposing counsel" when applying the three criteria to determine whether the attorney was subject to being deposed. Although the attorney was not of record in the case she was part of the defendant's litigation department and was assigned specifically to the case as the "supervising in-house counsel." *Id.* at 1325.

should be considered "opposing counsel" for purposes of applying the *Simmons* criteria.

The Court will now proceed to apply the *Simmons* criteria to determine whether Plaintiffs have met their burden to show that they are entitled to depose Mr. Gaynor.

*2. Have Plaintiffs satisfied the Simmons criteria?*

As noted above, *Simmons* requires Plaintiffs to satisfy three criteria, the first of which is that "no other means exist to obtain the information except to depose opposing counsel." *Simmons*, 191 F.R.D. at 630. In other words, Plaintiffs must show that the information they seek through Mr. Gaynor's deposition is not available from any other source. *See id.* at 631.

■ Plaintiffs state that they seek to depose Mr. Gaynor regarding his involvement in conferences regarding job applicants at Defendant UCB Films, the decision not to hire Ms. Hladky, and the relationship between UCB Films and UCB. Plaintiffs have failed to demonstrate that this information cannot be obtained from other sources. Information about any conferences in which Mr. Gaynor participated, to the extent any such conferences took place and to the extent that they are not protected by the attorney-client privilege, can be obtained from the other individuals participating in the alleged conferences. Based on Mr. Machell's deposition testimony, it appears that Mr. Gaynor may have participated in one conference regarding Ms. Hladky. *See* Machell depo. at pp. 94–97. According to the deposition testimony, Mr. Machell and two other UCB Films employees, Joe Wilbanks and a Mr. Toomey, participated in that conference. *Id.* at 96. Plaintiffs have already deposed Mr. Machell about the conference. The Court knows of no reason why they cannot also depose Mr. Toomey and Mr. Wilbanks about the conference.

■ In addition, the Court knows of no reason why the information Plaintiffs seek regarding the relationship between UCB Films and UCB cannot be obtained from any number of individuals other than Mr. Gaynor. Plaintiffs have not even attempted to show that Mr. Gaynor is the exclusive source of this information.

In light of the above, the Court concludes that Plaintiffs have failed to satisfy the first *Simmons* criterion, *i.e.*, that the information sought is not available through any source but opposing counsel. Having failed to satisfy this criterion, Plaintiffs are not entitled to take Mr. Gaynor's deposition. The Court need not analyze the two remaining criteria, inasmuch as Plaintiffs must satisfy *all three* criteria in order to proceed with the deposition. *See Simmons*, 191 F.R.D. at 637 (holding defendants not entitled to depose opposing counsel where they failed to show that the information could be obtained only from opposing counsel, notwithstanding the fact that defendants had satisfied the other two criteria).

**C. Conclusion**

The Court will grant Defendants' Motion for Protective Order (Case No. 00–4062–RDR, doc. 51) to the extent it seeks to prevent Plaintiffs from taking the deposition of UCB's in-house counsel, Joe Gaynor. The Motion for Protective Order will be denied as moot in all other respects.

**II. Plaintiffs' Motion to Take Telephonic Deposition of Joe Wilbanks**

This is Plaintiffs' second motion to depose Mr. Wilbanks by telephone. The Court denied Plaintiffs' earlier motion (*see* Case No. 00–4062, doc. 54) based on the complexity of these consolidated cases and the large number of documents requested in the deposition notice.

Plaintiffs have now removed all of the document requests from the deposition notice. In addition, Plaintiffs have informed the Court that the deposition will cover relatively simple issues, *i.e.*, the relationship of UCB's Human Resources Department to UCB Films and Mr. Wilbanks' involvement in the decision not to hire Plaintiffs.

Based on the above, the Court finds that a telephone deposition of Mr. Wilbanks, who resides in Atlanta, Georgia, would be appropriate. Plaintiffs' Motion will therefore be granted.

IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order (Case No. 00–4062–RDR, doc. 51) is granted to the extent the Motion seeks to prevent Plaintiffs from taking the deposition of UCB's in-house counsel, Joe Gaynor. Said Motion is denied as moot in all other respects.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Take Telephonic Deposition of Joe Wilbanks (Case No. 98–4226–RDR, doc. 256) is granted.

IT IS SO ORDERED.